**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| **ASHLEY F. CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: 4:18-cv-00244-WTM-JEG** |
| ) | |
| **BIGNAULT & CARTER, LLC;** ) | |
| **W. PASCHAL BIGNAULT; and** ) | |
| **LORI A. CARTER,** ) | |
| ) | |
| **Defendants.** ) | |

*JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT*

**NOW COME**, Plaintiff Ashley F. Cummings ("Plaintiff") and Defendants Bignault & Carter, LLC, W. Paschal Bignault, and Lori A. Carter ("Defendants") (Plaintiff and Defendants collectively "the Parties") by and through their undersigned counsel and pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, hereby file this Joint Motion for an Order approving the Settlement Agreement ("Agreement") reached between the Parties and entering a stipulation of judgment dismissing this case, with prejudice.

**I. BACKGROUND**

Plaintiff brought this action alleging a violation of the Fair Labor Standard Act ("FLSA") and seeking unpaid overtime compensation and liquidated damages associated with her employment with Defendants. In order to avoid continued costs and the uncertainty of litigation, and to wrap-up all issues, the Parties have negotiated a settlement in this matter. Defendants do not admit liability, and Plaintiff does not admit a lack of liability. As such, and with disputed issues of fact involved, both Parties face material risks if litigation continues.

II.     **LEGAL STANDARD**

FLSA claims may be settled or released in one of two ways. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

**III. SETTLEMENT AGREEMENT SHOULD BE APPROVED**

    **A. The FLSA Settlement Amount**

There is no evidence of fraud or collusion in the settlement. All negotiations regarding the settlement have taken place at arms-length on the basis of *bona fide* legal arguments and factual allegations. Based upon the relative strengths of these legal positions and factual allegations, the Plaintiff believes the settlement to be objectively fair and reasonable.

Prior to the settlement, the Parties' counsel discussed the disputed factual and legal issues over the phone and over electronic mail. The Defendants maintain that Plaintiff met the administrative exemption and was properly compensated on a salary basis for all hours worked. The Plaintiff maintains that she was misclassified and should have been compensated on an hourly basis and is entitled to the overtime rate of one and one-half times her regular rate of pay. Additionally, the Parties disagree on the applicable statute of limitations (2-year v. 3-year).

Plaintiff contended that she worked hours in excess of forty (40) hours in numerous workweeks for which she did not receive overtime compensation. The Defendants tracked the hours worked by Plaintiff from December 2016 until she quit on April 22, 2018. Therefore, during this time period Defendants were able to calculate the regular rate and the exact hours of overtime per workweek that Plaintiff worked, which averaged 3.75 hours per week.

From October 18, 2015 through November 2016, Defendants time records could not be located. Defendant contends that Plaintiff worked on average 3.75 hours of overtime per workweek during this time period, which is the average of overtime worked from December 2016 through April 22, 2018. Plaintiff contends that she worked on average 7 hours of overtime per workweek during this time period.

The Parties formulated and exchanged their own proposed settlement figures and Plaintiff negotiated a good-faith estimate of the compensation due to Plaintiff. For the time period December 2016 through April 22, 2018, the payment to Plaintiff took into account the documented records of hours worked and the regular rate and the equivalent overtime rate for 277.39 hours (3.75 average hours per week) compensated at the one and one-half hourly rate. For the time period October 18, 2015 through November 2016, the payment to Plaintiff took into account the regular rate of $21.07 and the overtime rate of $31.61 per hour for 406 hours based on Plaintiff's contention that she worked 7 hours of overtime per week during this time period.

Plaintiff's alleged unpaid Overtime Claim based on a three (3) year look back period is approximately $20,000.00 and $20,000.00 in alleged liquidated damages. Plaintiff's alleged unpaid Overtime Claim based on a two (2) year look back period is approximately $13,750.00 and $13,750.00 in alleged liquidated damages. The Parties' proposed settlement provides Plaintiff with a gross settlement of $45,000.00. As a result of the settlement, Plaintiff will receive (a) $13,281.05 in her alleged unpaid Overtime Claim; and (b) $13,281.04 in alleged liquidated damages. Plaintiff's counsel will receive a percentage of the gross settlement amount of $45,000.00 or $18,437.91 for attorneys' fees and litigation expenses.

Such payment to Plaintiff is proportionate to the good-faith estimate of the hours worked and the length of time worked for Defendants. Thus, there is very little, if any, incentive for Plaintiff to proceed to trial in this case. Analysis of "the amount of the settlement in relation to the potential recovery" weighs heavily in favor of the Court approving the settlement.

Counsel for both parties are experienced attorneys who practice in this area of law. Plaintiff's counsel believes that the settlement reached confers benefit upon Plaintiff

commensurate to the risk of litigation, and that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best interest of Plaintiff.

### B. Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A."

The Parties' proposed settlement provides Plaintiff with a gross settlement of $45,000.00. Plaintiff submits that Plaintiff is receiving a fair settlement amount. Plaintiff will receive (a) $13,281.05 in her alleged unpaid Overtime Claim; and (b) $13,281.04 in alleged liquidated damages. Plaintiff will be responsible for all taxes related to these payments. Plaintiff's counsel will also receive $18,437.91 for attorneys' fees and litigation expenses.

## IV. CONCLUSION

The Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as "Exhibit B" hereto.

Respectfully submitted this 8th day of January, 2019.

| **CHARLES HERMAN LAW** | **PANKEY & HORLOCK, LLC** |
|---|---|
| /S/Charles Herman | /S/Larry A. Pankey (*via email authorization*) |
| Charles Herman | Larry A. Pankey |
| Georgia Bar No. 142852 | Georgia Bar No. 560725 |
| Attorney for Defendants | Attorney for Plaintiff |
| 7 East Congress Street, Suite 611A | 1441 Dunwoody Village Parkway, Suite 200 |
| Savannah, Georgia 31401 | Atlanta, Georgia 30338 |
| (912) 244-3999 | (770) 670-6250 |
| (912) 257-7301 Facsimile | (770) 670-6249 Facsimile |
| Charles@CharlesHermanLaw.com | LPankey@PankeyHorlock.com |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **ASHLEY F. CUMMINGS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 4:18-cv-00244-WTM-JEG |
| | ) |
| **BIGNAULT & CARTER, LLC;** | ) |
| **W. PASCHAL BIGNAULT; and** | ) |
| **LORI A. CARTER,** | ) |
| | ) |
| **Defendants.** | ) |

## *CERTIFICATE OF SERVICE*

The undersigned certifies that I have on this day served all the parties in this case with this ***Joint Motion for Settlement Approval*** in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 8th day of January, 2019.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Defendants*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
Charles@CharlesHermanLaw.com