## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into between Ashley F. Cummings (hereinafter referred to as "Plaintiff") and Bignault & Carter, LLC, W. Paschal Bignault, and Lori A. Carter (hereinafter collectively referred to as "Defendants"). This Agreement is subject to the approval of the Court and will settle all claims asserted in the action described below and release claims described herein.

**WHEREAS**, Plaintiff filed against the Defendants a Fair Labor Standards Act lawsuit pending in the United States District Court for the Southern District of Georgia entitled Ashley F. Cummings v. Bignault & Carter, LLC, et al.; Case No. 4:18-cv-00244-WTM-JEG (the "Lawsuit"); and

**WHEREAS**, the Parties desire to compromise and resolve any and all disputes the Plaintiff has with the Defendants.

**NOW, THEREFORE**, Plaintiff and Defendants agree as follows:

1. **Consideration for Settlement**. In consideration of the promises made by the Plaintiff in this Agreement, the Defendants agree to pay the gross amount of $45,000.00, which constitutes and consists of the complete Settlement Payment to the Plaintiff inclusive of attorneys' fees and costs. The Settlement Payment to the Plaintiff and Plaintiff's Counsel under the Settlement shall be reported on IRS Form 1099-MISC. The respective Settlement Payments will be in the amount of $26,562.09 made out to Ashley F. Cummings and in the amount of $18,437.91 made out to Pankey & Horlock, LLC and both will be sent to Plaintiff's counsel, Larry A. Pankey, Pankey & Horlock, LLC, 1441 Dunwoody Village Parkway - Suite 200, Atlanta, Georgia, 30338-1055.

2. **Approval of the Settlement and Dismissal of Action**. The Parties shall execute this Agreement and shall file this Agreement in the above-referenced action. If the Court finds that this Agreement is a fair and reasonable settlement of this matter, then the Court will enter the attached and stipulated Dismissal Entry providing for dismissal of the action with prejudice.

3. **Release**. Plaintiff, on behalf of herself and her heirs, legatees and personal representatives, release and waive all wage-related claims, suits, or actions of any kind including any claims related to tax deductions or tax withholdings related to the above-referenced payments against the Defendants, and any of its current and former directors, officers, employees, and agents (in their personal and official capacities) (together the "Released Parties") which Plaintiff has, had, or may have through the date Plaintiff signs this Agreement. In paying the amount specified above, the Released Parties

make no representation regarding the tax consequences or liability arising from said payments. Plaintiff understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. Notwithstanding the foregoing, Plaintiff does not waive (i) rights under this Agreement; or (ii) any claims that cannot be waived as a matter of law.

4. **Severability**. Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and the illegal or invalid provision shall be deemed not to be part of this Agreement.

5. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and supersedes any and all prior agreements and understandings between the parties pertaining to the subject matter of this Agreement.

6. **Counterparts**. This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic, scanned or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

7. **Knowing and Voluntary**. The Parties acknowledge and certify that they have entered into this Agreement knowingly and voluntarily; that they have read and understand this Agreement in its entirety; that they have not been forced or coerced by anyone to enter into this Agreement; and that they have been advised to consult legal consult before executing it.

IN WITNESS WHEREOF, this Agreement has been executed by the parties on the dates shown below and the Parties agree to be bound by its terms.

DATE: 1/7/19

DATE: 1/7/19

DATE: 1/7/19

DATE: 1-7-19

BIGNAULT & CARTER, LLC

By _____
W. PASCHAL BIGNAULT, AUTHORIZED
MEMBER BIGNAULT & CARTER, LLC

_____
W. PASCHAL BIGNAULT, INDIVIDUALLY

_____
LORI A. CARTER, INDIVIDUALLY

_____
ASHLEY F. CUMMINGS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ASHLEY F. CUMMINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 4:18-cv-00244-WTM-JEG |
| | ) |
| BIGNAULT & CARTER, LLC; | ) |
| W. PASCHAL BIGNAULT; and | ) |
| LORI A. CARTER, | ) |
| | ) |
| Defendants. | ) |

## *DISMISSAL ENTRY*

The Parties in the above-captioned matter have come to a resolution and have submitted the written settlement agreement for approval from the Court.

This Court finds that the agreement is a fair and reasonable settlement of this matter. It is hereby ordered that this case is dismissed, with prejudice in accordance with the terms of the settlement agreement. Each party to bear their own costs. This Court retains jurisdiction if necessary to enforce the terms of the Settlement Agreement.

Date: _____.


So ordered.

                                                                William T. Moore, Jr.
                                                                 U.S. District Judge