IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
ASHLEY F. CUMMINGS,            )
                               )
     Plaintiff,                )
                               )
v.                             )   CASE NO. CV418-244
                               )
BIGNAULT & CARTER, LLC, W.     )
PASCHAL BIGNAULT, and LORI A.  )
CARTER,                        )
                               )
     Defendants.               )
                               )
```

O R D E R

Before the Court is the parties' Joint Motion for Settlement Approval. (Doc. 13.) In their motion, the parties request that this Court approve their settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). After careful review of the parties' motion, the Court is unable to approve the settlement at this time. Accordingly, the parties' motion is **DENIED**.

Under the FLSA, this Court must scrutinize any proposed FLSA settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). This Court will approve a compromised claim only if the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id.; see 29 U.S.C. § 216(b). As part of this analysis, the "FLSA requires judicial review of the

reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). In this case, the Court has two concerns with the parties' proposed joint settlement and award of attorney's fees.

First, the Court is concerned that the settlement agreement may not have been properly negotiated in the Plaintiff's best interest. Courts reviewing FLSA cases have generally found that to avoid a potential conflict of interest, the parties should reach a settlement with respect to the plaintiff's claim separately and independently from any consideration of an award of attorney's fees. See, e.g., Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[T]he Court finds that the best way to ensure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."). In this case, it seems that the parties agreed to Plaintiff's settlement with the agreement that attorney's fees would later be deducted from that amount. The Court is unable to properly ensure that Plaintiff's interests under the FLSA are protected when there is no indication that the sums were negotiated separately.


reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). In this case, the Court has two concerns with the parties' proposed joint settlement and award of attorney's fees.

First, the Court is concerned that the settlement agreement may not have been properly negotiated in the Plaintiff's best interest. Courts reviewing FLSA cases have generally found that to avoid a potential conflict of interest, the parties should reach a settlement with respect to the plaintiff's claim separately and independently from any consideration of an award of attorney's fees. See, e.g., Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[T]he Court finds that the best way to ensure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."). In this case, it seems that the parties agreed to Plaintiff's settlement with the agreement that attorney's fees would later be deducted from that amount. The Court is unable to properly ensure that Plaintiff's interests under the FLSA are protected when there is no indication that the sums were negotiated separately.

Secondly, the Court is unable to properly determine whether the amount of attorney's fees is reasonable in this case. The parties have simply provided that "Plaintiff's counsel will receive a percentage of the gross settlement amount of $45,000.00 or $18,437.91 for attorneys' fees and litigation expenses." (Doc. 13 at 4.) This conclusory statement of the attorney's fees to be awarded under this settlement is insufficient for this Court to appropriately determine whether the attorney's fees in this case are reasonable. See Lynch v. Equity Auto Loan, LLC, CV410-058, 2011 WL 13284447, at *1-2 (S.D. Ga. Feb. 7, 2011) ("The Court cannot fulfill its duty of inquiry with absolutely no documentation as to how attorney's fees were computed."). Further, the Court is hesitant to blindly accept the use of an apparent contingency fee in the FLSA context. See Silva v. Miller, 307 F. App'x at 351-52 ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee."). For this Court to properly consider whether the requested attorney's fees are appropriate in this case, the parties must provide documentation or some basis to demonstrate how the agreed upon sum for attorney's fees is reasonable in light of the work required for this case.[1] See also Brown v. Am.

---

[1] Although the Court is unable to fully consider the

Moving & Storage, LLC, CV418-009, 2018 WL 5811487, at *2-3 (S.D. Ga. Nov. 6, 2018) (discussing this Court's requirement that the parties provide documentation to support the requested award of attorney's fees in a proposed settlement of an FLSA claim).

For the foregoing reasons, the Court is unable to determine whether the parties' proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute. Accordingly, the motion (Doc. 13) is **DENIED**. The parties, however, are permitted to file a revised settlement agreement which complies with the direction in this order.

SO ORDERED this 10th day of January 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

reasonableness of the requested attorney's fees and makes no determination at this time, the Court notes that at first glance the requested award of $18,437.91 seems excessive in light of the fact that this case was filed in October and a settlement was reached by early December. (Doc. 1, Doc. 10.) Based on this Court's docket, the parties have not filed any substantial motions that would warrant a higher award of attorney's fees. As stated, however, the record in this case is sparse and the parties are free to provide documentation supporting any award of attorney's fees for this Court's consideration.