**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| ASHLEY F. CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 4:18-cv-00244-WTM-JEG |
| ) | |
| BIGNAULT & CARTER, LLC; ) | |
| W. PASCHAL BIGNAULT; and ) | |
| LORI A. CARTER, ) | |
| ) | |
| Defendants. ) | |

***MEMORANDUM OF LAW IN SUPPORT OF***
***DEFENDANTS' MOTION TO APPROVE SETTLEMENT***

NOW COME, Defendants Bignault & Carter, LLC, W. Paschal Bignault, and Lori A. Carter ("Defendants") by and through their undersigned counsel, hereby submit their Memorandum of Law in Support of Defendants' Motion to Approve Settlement.

**I. INTRODUCTION**

Plaintiff initiated this action on October 18, 2018, (Doc. 1). In her Complaint, Plaintiff seeks overtime pay, liquidated damages, and reasonable attorney's fees under the Fair Labor Standards Act ("FLSA"). (*See generally* Doc. 1.). Defendants appear by filing this Motion for the limited purpose of resolving this matter. To date, Defendants have not been properly served with the Complaint under Fed. R. Civ. P. 4(m).

**II. FACTUAL BACKGROUND**

Plaintiff was employed by Bignault & Carter, LLC during the relevant period. (*See* Doc. 1 ¶ 8.) In her FLSA Complaint, Plaintiff claims that she was a legal secretary. Plaintiff was paid overtime during the period that she was a legal secretary. Thereafter, Plaintiff was promoted to office manager when she obtained her college degree. Thereafter, Defendants claim that Plaintiff

was not entitled to overtime based on the administrative exemption. Defendants further claim that Plaintiff was paid under the fluctuating workweek method after she became an office manager. Nevertheless, Plaintiff alleges unpaid overtime compensation in violation of the FLSA, as well as liquidated damages and the reasonable attorney's fees associated with this claim. (*Id.* ¶ 18.)

In discussing potential early resolution of these matters, the Parties engaged in an informal exchange of information.  Defendants analyzed extensive documents to determine the days and hours that Plaintiff worked and the wages that she was paid and discussed that information with Plaintiff's Counsel. Defendants set forth the amount that they claimed was due to Plaintiff under the fluctuating workweek method in a spreadsheet attached to an email on August 10, 2018 (See attached hereto as Exhibit "1", Declaration of Charles Herman, attached thereto as Attachment "A", August 10, 2018 Email Communication; Attachment "A-1", Damage Calculation Spreadsheet; and Attachment "A-2", Time Cards). Defendants calculated the alleged unpaid overtime wages due to Plaintiff to be $3,691 based on a two (2) year statute of limitations and $5,744 based on a three (3) year statute of limitations.

Defendants additionally requested Plaintiff's counsel's time records and the amount of attorney's fees that Plaintiff was demanding. (See Exhibit "1", Declaration of Charles Herman, Paragraph 5, and the August 14, 2018 Email attached thereto as Attachment "B"). Plaintiff did not provide the requested information regarding Plaintiff's attorney's fees to Defendants.

Thereafter, on November 19, 2018, during a phone conversation, Plaintiff's counsel stated that his attorney's fees were: "Not much, maybe a couple thousand." Based on that representation, Defendants made an offer of settlement to the Plaintiff via email in the following amounts: $20,823.00 in alleged unpaid overtime wages; $20,823.00 in liquidated damages; $400.00 in costs; and $2,954.00 in attorney's fees. The email stated that: "I was able to get authority from my client

to settle this matter for a total of $45,000 inclusive of all attorney's fees and costs *as shown on the attached spreadsheet* (Bignault Carter LLC (3 yr & liquidated)(w 7 hrs))." (*Emphasis added*). (See Exhibit "1", Declaration of Charles Herman, attached thereto as Attachment "C", November 19, 2018 Email; and Attachment "C-1", Damage Calculation Spreadsheet). In the "*attached spreadsheet*" (Attachment "C-1", the settlement was clearly delineated in the following amounts: $20,823.00 in alleged unpaid overtime wages; $20,823.00 in liquidated damages; $400.00 in costs; and $2,954.00 in attorney's fees. (Id.) Plaintiff's counsel responded via email agreeing to that breakdown and agreed to settle the case based on those amounts. (See Exhibit "1", Declaration of Charles Herman, attached thereto as Attachment "D", November 19 to November 20, 2018 Emails). Thereafter on November 19, 2018, Defendants' counsel asked Plaintiff's counsel to "[l]et me know how you want the checks made out…" In response, Plaintiff's counsel responded indicating that Defendants should issue two (2) separate checks made out to: (1) Plaintiff's law firm for $18,437.91; and to (2) Plaintiff for $26,562.09.

Defendants did inquire further into the monetary split between Plaintiff and Plaintiff's attorney and incorporated Plaintiff's counsel's response and monetary allocation into the Settlement Agreement. (Doc. 13-1), which was executed by both Parties and has previously been filed with this Court, notwithstanding that Defendants maintain that they are not liable to Plaintiff.

Significantly, although Defendants vehemently maintain that Plaintiff is not entitled to the benefits conferred upon her in the Settlement Agreement, they agreed to conclusively resolve this litigation in order to avoid additional litigation costs and attorney's fees, while conclusively ending Plaintiff's litigation in an amicable manner that provided Plaintiff the most that could be awarded to her if the case was litigated to an entirely successful conclusion and she was awarded all damages available to her. Nevertheless, Defendants continue to deny that Plaintiff is owed the

amounts she has claimed, or any amount, from Defendants. The settlement was entered into by Defendants to provide the Plaintiff the most recovery while keeping attorney's fees to a minimum.

Notably, while denying any and all liability in this matter, Defendants have agreed under the Settlement Agreement to compensate Plaintiff for the full amount of unpaid overtime wages she claims to be owed in the Complaint, notwithstanding that Defendants dispute the computation of alleged unpaid overtime wages owed. The $20,823.00 figure was calculated using: (1) an estimated seven (7) hours of overtime per week for the time period where records could not be located (October 18, 2015 to November 20, 2016) instead of the 3.75 hours per week average based off of the actual time records from November 20, 2016 until April 19, 2018; (2) using the time and half overtime rate instead of the half overtime rate under the fluctuating work week method (although Defendants maintain that the half overtime rate is applicable); (3) including liquidated damages on the entire amount; and (4) going back three (3) years as opposed to two (2) years (which is also disputed). Defendants have also agreed to pay Plaintiff additional non-wage damages to compensate her for the liquidated damages she alleges she is owed under the FLSA.

Finally, Defendants have agreed to pay Plaintiff's attorney directly an amount deemed to be reasonable attorney's fees, as required by the FLSA. Defendants state that the terms of the Settlement Agreement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing were taken into account in agreeing upon the resolution memorialized in their Settlement Agreement.

**III**. **ARGUMENT**

    **A.**    **Approval of the Terms of the Settlement Agreement.**

In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

    *Id.* at 1352–53.

Pursuant to *Lynn's Food*, the Court should review the Parties' Settlement Agreement to determine if it is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

1. The existence of fraud or collusion behind the settlement;
2. The complexity, expense, and likely duration of the litigation;
3. The stage of the proceedings and the amount of discovery completed;

4. The probability of plaintiff's success on the merits;

5. The range of possible recovery; and

6. The opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2–3 (M.D. Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Hamilton*, 2007 U.S. Dist. LEXIS, at *4.

### B.   The Settlement is Fair, Just, and Reasonable.

This Court, in its Order Denying Approval of the Parties Settlement Agreement (Doc. 15), indicated that the Court has two (2) concerns with the Parties' proposed joint settlement and award of attorney's fees. The Court's first concern is that the Settlement Agreement may not have been properly negotiated in Plaintiff's best interest. As set forth above, and in the attached Declaration, Defendants submit that they have reached a settlement with respect to Plaintiff's claim separately and independently from any consideration of an award of attorney's fees and that the sums were negotiated separately. Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The second concern expressed by the Court was whether the amount of attorney's fees is reasonable in this case. As set forth in the attached Declaration, Defendants submit that the amount of attorney's fees as set forth by the Plaintiff's counsel as being reasonable and the amount agreed upon by the Plaintiff in this case was $2,954.00. Although Defendants requested from Plaintiff's counsel documentation as to how attorney's fees were computed (as has the Court), none was forthcoming. Defendants have submitted herein the documentation that they possess regarding the Plaintiff's attorney's fees, which is that Plaintiff agreed to the $2,954.00 allocation and that Plaintiff's counsel acknowledged that his fees were: "Not much, maybe a couple thousand.".

The Court has ordered that the Parties "must provide documentation or some basis to demonstrate how the agreed upon sum for attorney's fees is reasonable in light of the work required for this case." (Doc. 15, P. 3). Defendants have attempted to work with Plaintiff in addressing the Court's concerns, but the suggested solutions have not been satisfactory to Defendants.

Such a stalemate has necessitated the filing of this Motion and the attached Declaration. Defendants have provided all documentation to the Court regarding how the fee and settlement were arrived at and negotiated. In this case, it is difficult to see what more the Defendants are required to do to ensure that Plaintiff's interests under the FLSA are protected.

Therefore, Defendants request that the Court enforce the agreement of the Parties as follows: $20,823.00 in alleged unpaid overtime wages; $20,823.00 in liquidated damages; $400.00 in costs; and $2,954.00 in attorney's fees for a total amount of $45,000.00.

Defendants additionally request that in the event Plaintiff provides documentation or information regarding Plaintiff's attorney's fees in this case that is different from the fees previously agreed to by the Parties on November 19, 2018, that the Court make a specific directive that time dedicated to preparing the Joint Motion for Settlement Approval (Doc. 13) and all other time after the November 19, 2018 settlement date be individually categorized and itemized as such so that the Court can consider whether the requested attorney's fees are appropriate in this case. Defendants further request that no attorney's fees be awarded to the Plaintiff for time after the November 19, 2018 settlement date.

## IV. CONCLUSION

For the foregoing reasons, Defendants request that this Court determine that the Parties' settlement is a fair and reasonable resolution of the Parties' bona fide dispute and that the Court enforce the agreement of the Parties and enter an order in this case as follows: $20,823.00 in

alleged unpaid overtime wages; $20,823.00 in liquidated damages; $400.00 in costs; and $2,954.00 in attorney's fees. A proposed Order granting the relief requested herein is attached to this Motion as "Exhibit B" hereto.

Respectfully submitted this 14th day of March, 2019.

**CHARLES HERMAN LAW**

/S/Charles Herman
Charles Herman
Georgia Bar No. 142852
Attorney for Defendants
7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
Charles@CharlesHermanLaw.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ASHLEY F. CUMMINGS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 4:18-cv-00244-WTM-JEG |
| | ) |
| BIGNAULT & CARTER, LLC; | ) |
| W. PASCHAL BIGNAULT; and | ) |
| LORI A. CARTER, | ) |
| | ) |
|    **Defendants.** | ) |

## *CERTIFICATE OF SERVICE*

The undersigned certifies that I have on this day served all the parties in this case with this ***Defendants' Memorandum of Law in Support of Defendants' Motion to Approve Settlement*** in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 14th day of March, 2019.

                                  **CHARLES HERMAN LAW**

                                  /s/ Charles Herman
                                  Charles Herman
                                  Georgia Bar No. 142852
                                  *Attorney for Defendants*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
Charles@CharlesHermanLaw.com