IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ASHLEY F. CUMMINGS,              )
                                 )
    Plaintiff,                   )
                                 )
v.                               )  CASE NO. CV418-244
                                 )
BIGNAULT & CARTER, LLC, W.       )
PASCHAL BIGNAULT, and LORI A.    )
CARTER,                          )
                                 )
    Defendants.                  )
                                 )

## O R D E R

Before the Court is Defendants' Motion for Settlement Approval. (Doc. 16.) After careful consideration, the Court **DEFERS** ruling on Defendants' motion. Plaintiff is **DIRECTED** to provide documentation supporting the requested attorneys' fees by **April 12, 2019.**

On January 08, 2019, the parties filed a Joint Motion for Settlement Approval. (Doc. 13.) In their motion, the parties requested that this Court approve the settlement of Plaintiff's claims under the Fair Labor Standards Act. (Id.) The proposed settlement terms included that Plaintiff would receive $13,281.05 for her alleged unpaid overtime claim, $13,281.04 in alleged liquidated damages, and $18,437.91 in attorneys' fees. (Doc. 13, Attach. 1 at 1.) On January 10, 2019, the Court denied the parties' request. (Doc. 15.) In the Court's view, the

parties had failed to demonstrate that the settlement was properly negotiated on Plaintiff's behalf and that the award of attorneys' fees was reasonable. (Id.) The Court expressed concern that the requested attorneys' fees appeared disproportionately high in light of the work performed in this case and instructed the parties that the Court could only evaluate the requested attorneys' fees if the parties provided "documentation or some basis to demonstrate how the agreed upon sum" of attorneys' fees was reasonable. (Id. at 3.)

Now, Defendants have filed a Motion for Settlement Approval that proposes markedly different settlement terms. (Doc. 16; Doc. 17.) The new settlement terms provide that Plaintiff will receive $20,823.00 in alleged unpaid overtime wages, $20,823.00 in liquidated damages, $400.00 in costs, and $2,954.00 in attorneys' fees for a total amount of $45,000.00. (Doc. 17 at 7.) Defendants assert that the settlement was properly negotiated in Plaintiff's best interest. Defendants, however, contend that they were unable to get any documentation from Plaintiff's counsel to support the requested amount of attorneys' fees in this case.

In response, Plaintiff's counsel provided a brief response agreeing to the terms documented in Defendants' motion. (Doc. 18.) Despite this Court's prior order, however, Plaintiff's counsel did not provide any documentation to support the

2

requested attorneys' fees in this case. Incredulously, Plaintiff's counsel requests that if the Court is still not satisfied with the settlement agreement, then the Court should give Plaintiff permission "to file a Petition For Fees showing his attorney's fees and costs expended to date." (Id. at 2.)

Despite Plaintiff's request, this Court has already clearly directed the parties to demonstrate how the attorneys' fees were calculated in this case. (Doc. 15.) Because there is still no documentation on the record as to how these fees were calculated, the Court will not rule on the overall reasonableness of the settlement at this time. Accordingly, the Court **DEFERS** ruling on Defendants' Motion for Settlement Approval. To the extent that this Court' prior order was ambiguous, Plaintiff is hereby **DIRECTED** to provide documentation supporting the calculation of attorneys' fees in this case by **April 12, 2019.**

SO ORDERED this 1st day of April 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3