IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ASHLEY F. CUMMINGS, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 4:18-cv-00244-WTM-JEG |
| v. | : | |
| | : | |
| BIGNAULT & CARTER, LLC; W. PASCHAL BIGNAULT; and LORI A. CARTER, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**PLAINTIFF'S SPECIFICATION AND ITEMIZATION
IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff respectfully submits her specification and itemization in support of her request for attorneys' fees and costs. As detailed below, Plaintiff seeks 22.2 hours at $450.00 an hour for a total $9,990.00 attorney's fee, and $652.01 in costs and expenses, for a total award of $10,642.01.

**I.   PROCEDURAL BACKGROUND**

Plaintiff filed this action on October 10, 2018 alleging that Defendants failed to pay her overtime wages for work she performed, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215 ("FLSA"). The parties pursued informal

discovery, and after considerable negotiation, the parties reached a mutually agreeable settlement amount to resolve this action.

On January 8, 2019, the parties filed a Joint Motion to Approve Settlement Agreement [Dkt. 13], the terms of which were in accordance with the 40% Contingency Fee Agreement entered into between the Plaintiff and her counsel of record. The Court denied the parties' Joint Motion, but permitted the filing of a revised Motion [Dkt. 15].

Subsequently, on March 14, 2019, Defendants filed Defendants' Motion to Approve Settlement [Dkt. 16], utilizing the figures discussed between the parties regarding Plaintiff's outstanding wages and Plaintiff counsel's attorney's fees, but not taking into account the terms of the fee agreement existing between Plaintiff and Plaintiff's counsel, as was taken into account and evidenced in the January 8, 2019 Joint Motion to Approve Settlement. Plaintiff timely filed a Response to Defendants' Motion to Approve Settlement. [Dkt. 18]

On April 1, 2019, this Court deferred its ruling in regard to approval of the settlement pending Plaintiff's provision of documentation supporting the calculation of attorneys' fees. Therefore, in compliance with the Court's Order [Dkt. 19], Plaintiff provides the following attorneys' fees calculations, as indicated in the Declaration of Larry A. Pankey (**Exhibit A**), lead counsel for Plaintiff, and in the

the Declaration of Andrew Y. Coffman (**Exhibit B**), and the Declaration of Marcus G. Keegan (**Exhibit C**).

## II.     DISCUSSION

When a plaintiff obtains a judgment for unpaid overtime, the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  While a fee award under this provision is mandatory, the Court must exercise its discretion in determining the proper amount.  *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542-43 (11th Cir.1985).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of these two numbers is referred to as the "lodestar." *Id.*; *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 563 (1986).  To assist its inquiry into the reasonableness of hourly rates and time expended in pursuit of the result obtained, a district court may take into account the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Hensley*, 461 U.S. at 434.  However, the Supreme Court has been critical of the so-called

*Johnson* factors to exclusion of the lodestar method because they provide "very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." *Delaware Valley,* 478 U.S. at 563 (1986). Instead, district courts should consider that "[m]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434; *Delaware Valley*, 478 U.S. at 564-565. There is a *strong presumption* that the lodestar method yields a fee sufficient to induce a competent attorney to represent plaintiffs in meritorious civil rights cases. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

Plaintiff seeks a fully compensatory fee based on achieving a judgment equal to the maximum recovery allowed under the law, her lawyer's experience and reputation practicing in the area of civil rights and employment cases, the contingent nature of his fees which introduces a level of risk in obtaining fees and causes a delay in the payment of fees for work performed, the time and labor expended, and customary fees paid or awarded for similar work. In this case, the Court should place substantial weight on the results obtained, rather than the isolated tasks performed during the litigation. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees …." *Hensley*, 461 U.S.

424, 440. The Eleventh Circuit summarized the importance of the overall result obtained in litigation as follows:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances, the fee award should not be reduced simply because plaintiff failed to prevail on every contention in the lawsuit . . . . [T]he court's rejection of, or failure to reach, certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*U.S. v. Jones*, 125 F.3d 1418, 1429-30 (11th Cir. 1997). Here, Plaintiff does not seek any enhancement; her complete success entitles her to a fully compensable fee.

### A. Hourly Rates

In accordance with the above principles, the Court must first determine the reasonable applicable hourly rate for services rendered by experienced employment litigation attorneys in Savannah. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In *Blum v. Stenson*, 465 U.S. 886 (1984), the Supreme Court outlined the following standard:

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to - for convenience - as the prevailing market rate.

*Id.* at 896 n.11. Thus, the fee applicant should produce evidence regarding the reasonableness of the hourly rate in addition to his or her own affidavit." *Norman*, 836 F.2d at 1301. "[T]his circuit has recognized that a movant may meet his burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *see also Norman*, 836 F.2d at 1299 (satisfactory evidence includes opinion evidence that the rates are reasonable).

### 1. Declaration of Andrew Y. Coffman

Here, the hourly rates requested are those rates actually charged to clients on an hourly basis. As shown below, counsel's hourly rate is in line with fees awarded in similar cases to attorneys with reasonably comparable skills and is supported by the opinion evidence of attorney Andrew Y. Coffman, an Atlanta attorney with experience in litigating employment and civil rights cases and who has 26 plus years of experience in settling cases and petitioning for attorney's fees. Based on the facts

and circumstances of this case, counsel's experience and expertise, together with the results obtained for his client, Plaintiff's requested hourly rate of $450.00 an hour is reasonable.

### 2. Declaration of Marcus G. Keegan

In addition, Plaintiff counsel's hourly rate of $450.00 is in line with fees awarded in similar cases to attorneys with reasonably comparable skills and is supported by the opinion evidence of attorney Marcus G. Keegan, an Atlanta attorney with prior experience in litigating employment and civil rights cases in Savannah and who has experience in settling cases and petitioning for attorney's fees.  Mr. Keegan was first certified as a mediator in 1999 in the State of Arizona.  In 2012, he obtained his second mediation certification in Georgia.  Some of his honors include being rated "AV" Preeminent by Martindale-Hubbell as well as being selected by Super Lawyers.  He is a member of the National Black Lawyers, Top 100 and has an AVVO rating of 10.0, superb. Additionally, he is a mentor with the State Bar of Georgia and a frequent speaker at the various Labor & Employment seminars throughout Georgia. Based on Mr. Keegan's education and professional experience, together with the results obtained for his client, Plaintiff's requested hourly rates are reasonable.

Since graduating from law school in 2002, Mr. Keegan has practiced in the area of employment and civil rights litigation. He has acted as lead counsel in numerous such cases (Keegan Decl. ¶¶ 2, 4). "My review of the itemized statement of Mr. Pankey's time and expenses incurred in this case revealed that his work is adequately detailed and fairly describes the services rendered to Plaintiff. The entries reflect conscientious and diligent representation, even in the absence of contemporaneous payment, to give the client the best chance of winning." *Id.,* ¶ 10. According to Mr. Keegan, the legal market for employment attorneys in Atlanta and the record evidence amply supports Mr. Pankey's requested hourly rate. (Keegan Decl., ¶¶ 5-8.)

### 3.  Declaration of Larry A. Pankey

Larry A. Pankey is a partner at Pankey & Horlock, LLC. He graduated from Boston University School of Law in 1992 and has nearly 27 years of continuous legal experience. He is licensed to practice law in all Georgia trial and appellate courts, the Northern and Middle Districts of Georgia and the Eleventh Circuit Court of Appeals. He is also admitted in Massachusetts and the District of Columbia. He has focused his litigation practice in the areas of employment and civil rights law since his admission to the Georgia Bar. (Pankey Decl. ¶¶ 3-4.) He has acted as lead

counsel in hundreds of cases, and has acted as lead counsel in jury trials involving employment disputes. *Id.* at ¶ 4.

Previously, he taught law school at the John Marshall Law School in Atlanta, Georgia. He taught such courses as employment discrimination, civil procedure, constitutional law, ethics, and jurisprudence. He has been selected to Super Lawyers, Million Dollar Advocates Forum and is a member of the National Trial Lawyers-Top 100. *Id.* at ¶ 4. Also, he has spoken at various State Bar of Georgia CLE seminars and has mentored for the State Bar of Georgia Labor and Employment Law Mentorship Academy. Mr. Pankey's hourly rate for litigation clients who pay on a monthly basis is $450.00 per hour. *Id.* at ¶ 5.

### 4. Difficulty Finding a Savanna Firm to Represent Plaintiff

The Court should expand the scope of hourly rates to the Atlanta area in as much as Plaintiff was unable to find a local Savannah attorney to represent her against the Defendants, a well-respected local Savannah law firm. Because she feared retaliation, she was forced to find an Atlanta firm to represent her against the Defendants. *Id.* at ¶ 12. The Court may award a non-local hourly rate if, and only if, Plaintiffs demonstrate "a lack of attorneys practicing in [the Southern District] who are willing and able to handle [their] claims." *Cullens v. Ga. Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (finding that the district court did not err by

awarding Macon, Georgia rates because "plaintiffs did not meet their burden of showing a lack of Macon lawyers willing or able to handle their individual claims"). Mr. Pankey has personally spoken to a longtime practicing employment attorney in Savannah who states that she would not have filed a claim against Bignault & Carter, either. (Pankey Decl. ¶ 13.)

### B. Attorney Fee Awards in Similar Cases

The Court may take judicial notice of other fee requests made and granted in similar cases. *Searcy v. Crim*, 692 F.Supp. 1363, 1364 (N.D. Ga. 1988). In *Searcy*, Judge Thrash awarded more than $173,000.00 in attorney's fees to the prevailing party despite there only being an unpaid overtime amount of $6,097. Judge Thrash observed that the attorney's fees award "is not remarkable in an individual FLSA case." *Cain v. Almeco USA*, No. 1:12-cv-03296.

As for Mr. Pankey, he has over 27 years of experience practicing in the area of employment discrimination and civil rights. In *Cain v. Almeco USA*, No. 1:12-cv-03296, Judge Thrash awarded Amanda Farahany, a graduate of the John Marshall Law School and admitted to practice since 1998, a $450.00 an hour rate for her then 16 years of practice. Judge Thrash found that $450.00 an hour was reasonable for an attorney admitted to the Georgia Bar since 1998 while practicing in the metropolitan Atlanta area.

### 1.  Lynch v. Equity Auto Loan, LLC: 4:10-CV-00058-WTM-GRS

Previously in 2011 and in the Southern District, the Honorable William T. Moore awarded Deidre Stephens-Jonson a $300.00 an hour rate in an FLSA case . (*See Lynch,* Dkt. 22, 23.)  At the time, Ms. Johnson had been practicing since 1997 and had 13 years of experience.

The Court should take judicial notice that the similar rate of $450.00 per hour for Larry A. Pankey, with 26 years of experience, as well as being a former Adjunct Professor at the John Marshall Law School, is reasonable for an Atlanta attorney asked to pursue an overtime action in the Savannah legal market, because of the Plaintiff's inability to find interested counsel. If not, Plaintiff's Counsel requests that the Court award an appropriate range between $300 to $450 an hour rate representing the result obtained by Ms. Stephens-Johnson, in 2011 with her then 13 years of experience versus Mr. Pankey's 26 years of experience as of 2019.

### C. Hours Expended for Services Rendered

The Court should next consider whether the number of hours counsel devoted to this case was reasonable. "[A]ll reasonable expenses and hours incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs …." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)).

Counsel's exercise of billing judgment is critical to support the presentation of reasonable time. "Excessive, redundant, or otherwise unnecessary hours should be excluded" from the hours claimed because such time would not be reasonably billed to a paying client. *Norman*, 836 F.2d at 1301 (internal quotations omitted).

The applicant must "maintain[] records to show the time spent on the different claims, and set[] out with sufficient particularity the general subject matter of the time expenditures so that the district court can assess the time claimed for each activity." *Laube v. Allen*, 506 F. Supp. 2d 969, 976 (M.D. Ala. 2007) (citing *Barnes*, 168 F.3d at 427).

In the present case, counsel maintained billing records, emails and word processing directories for this and all cases handled by his law firm. Time is entered into a centralized billing system on a regular basis and assigned to particular matters. (Pankey Decl. ¶ 6-8.) The results are detailed billing records showing all counsels' time and activities since the inception of the case. (Pankey Decl., Attachment A.) By necessity, some entries are not fully detailed, such as those regarding client communications. Only general information is provided to protect privileged information.

Counsel's billing records and Declaration show that he has routinely exercised billing judgment in this case. Counsel reduced his fee petition by 4.1 hours while

exercising billing judgment to remove all work since the Court denied the initial Joint Motion to Approve Settlement Agreement. All time after December 27, 2018 was reduced to a no charge with no time charged for filing this petition, research or dealing with experts to support this petition.

Counsel took care to staff the case conservatively, to avoid excessive billing entries, and to eliminate time to avoid excessive or redundant time entries. (Keegan Decl. ¶¶ 7-8; Coffman Decl. ¶¶ 10-11). Counsel also tracked Plaintiff's expenses in this case, which included filing fees and expenses of $652.01. (Pankey Decl. ¶ 9.) According to counsel's billing records and supporting Declarations, Plaintiff spent 22.2 hours at $450 an hour for a total of $9,990.00 in attorneys' fees and $652.01 in costs and expenses, for a total of $10,642.01.

### III. CONCLUSION

Based on the foregoing, the Court should award a total of $10,642.01 as fees and costs in this action.

*(Signature on Next Page)*

- 14 -

Respectfully submitted this 12th day of April 2019.

                **PANKEY & HORLOCK, LLC**

              By:  */s/ Larry A. Pankey*
                   Georgia Bar No. 560725
                   ***Attorneys for Plaintiff***
                   1441 Dunwoody Village Parkway
                   Suite 200
                   Atlanta, Georgia 30338-4122
                   Telephone:  770-670-6250
                   Facsimile:   770-670-6249
                   LPankey@PankeyHorlock.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **ASHLEY F. CUMMINGS,** : | |
| : | |
| Plaintiff, : | Civil Action File No. |
| : | **4:18-cv-00244-WTM-JEG** |
| v. : | |
| : | |
| **BIGNAULT & CARTER, LLC; W.** : | |
| **PASCHAL BIGNAULT; and LORI A.** : | |
| **CARTER,** : | |
| : | |
| Defendants. : | |
| _____: | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed **Plaintiff's Specification And Itemization In Support Of Motion For Attorney's Fees And Costs** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charles Herman
**Charles Herman Law**
Charles@CharlesHermanLaw.com
*Attorneys for Defendants*

Dated this 12th day of April 2019.

                **PANKEY & HORLOCK, LLC**

                By: */s/ Larry A. Pankey*
                     Georgia Bar No. 560725
                     ***Attorneys for Plaintiff***
                     1441 Dunwoody Village Parkway
                     Suite 200
                     Atlanta, Georgia 30338-4122
                     Telephone:   770-670-6250
                     Facsimile:   770-670-6249
                     LPankey@PankeyHorlock.com