# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ASHLEY F. CUMMINGS, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 4:18-cv-00244-WTM-JEG |
| v. | : | |
| | : | |
| BIGNAULT & CARTER, LLC; W. PASCHAL BIGNAULT; and LORI A. CARTER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DECLARATION OF ANDREW Y. COFFMAN

Andrew Y. Coffman testifies under penalty of perjury as follows:

1.

My name is Andrew Y. Coffman. I give this Declaration for use in the above-captioned case in support of the request for attorney's fees submitted by Plaintiff and her attorney, Larry A. Pankey.

2.

I graduated from Boston University School of Law in Boston, Massachusetts in 1992 and was admitted to practice in Georgia in November of that year. I have over twenty-six (26) years of continuous, full-time experience in civil rights litigation.

**3.**

I am the managing partner of the law firm of Parks, Chesin & Walbert, P.C. I and the attorneys at our firm devote a significant portion of our practice to employment related litigation in federal and state courts, including claims under the Fair Labor Standards Act. I have acted as lead counsel in hundreds of employment cases and served as lead counsel in jury trials, bench trials, hearings, and related proceedings.

**4.**

I regularly monitor the hourly rates and contingency fees charged by attorneys in our firm and am also familiar with rates and methods of attorney fee billing by other attorneys in Georgia, including Savannah.

**5.**

A significant portion of the cases I handle are contingent fee cases. Contingency fee arrangements allow us to represent clients who would otherwise be unable to afford legal services. Throughout Georgia, it is typical for a contingency fee agreement to set fees at 33% for cases resolved informally and 40% for cases once they are prepared for litigation. The tiered arrangements take into account the risks and time commitment required to litigate employment disputes.

**6.**

Representing individual employees in federal employment disputes is a high-risk endeavor. Most cases are either dismissed on summary judgment or resolved for less than is sufficient to fully compensate counsel.

**7.**

I am familiar with Mr. Pankey's Contingency Fee Agreement in this case. As is typical, the Agreement specifies that if the case is settled *after* preparing the Complaint, the contingency fee equals 40% of the total recovery in addition to recovery of costs. Because this is the usual and customary contingency fee in employment cases, it represents a reasonable fee.

**8.**

Individual employees rarely can afford the cost of legal services, even when the fees amount to $10,000.00 or less. Thus, they are placed at a significant disadvantage when compared to the resources of most employers.

**9.**

I have also reviewed the hourly billings provided by Mr. Pankey and his paralegal. As mentioned above, I am very familiar with the billing rates in Atlanta for employment litigation in federal cases. I have also submitted numerous fee petitions in state and federal court seeking an award of fees under fee-shifting

statutes.

**10.**

Mr. Pankey enjoys an excellent reputation among both defense and plaintiffs' attorneys. Based on my experience and my knowledge of Mr. Pankey's expertise and skill, his hourly rate of $450.00 is well within the range of a reasonable hourly rate in a case like this. Finally, Mr. Pankey's time entries are also reasonable and do not appear to be excessive.

**11.**

I reviewed the PACER Docket Report in this case, as well as the most significant papers filed in the case. I also reviewed Mr. Pankey's "Invoice for Legal Services" which includes his time and activity summary. Based on the foregoing, because the case settled for the gross amount of $45,000.00, it is my opinion that Mr. Plaintiff's request for 22.2 hours at $450.00 an hour for a total $9,990.00 attorney's fee, and $652.01 in costs and expenses, for a total award of $10,642.01 is customary, reasonable and not excessive. The amounts claimed by Mr. Pankey are reasonable and fair for the Savannah legal market. The "Invoice for Legal Services" in the amount of $10,642.01 reflecting his time entries is similarly reasonable and does not appear to be excessive.

**12.**

It is my opinion that the type of legal work performed, the time spent on discrete events during the case, and the result obtained justify a full fee award based on a rate at the high end of the market range for Mr. Pankey, particularly given his reputation, skill and experience in employment discrimination litigation.

**13.**

Based on the foregoing, it is my opinion that the fees claimed by Mr. Pankey are reasonable and fair by any measure.

**14.**

I swear under penalty of perjury of the United States of America that the foregoing facts are true and based upon my personal knowledge, unless otherwise indicated.

Dated this 12th day of April 2019.

_____
Andrew Y. Coffman