UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ASHLEY F. CUMMINGS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CASE NO.: 4:18-cv-00244-WTM-JEG |
| | ) |
| BIGNAULT & CARTER, LLC; | ) |
| W. PASCHAL BIGNAULT; and | ) |
| LORI A. CARTER, | ) |
| | ) |
|    Defendants. | ) |

*DEFENDANTS' RESPONSE TO*
*PLAINTIFF'S MOTION FOR ATTORNEY'S FEES*

NOW COME, Defendants Bignault & Carter, LLC, W. Paschal Bignault, and Lori A. Carter ("Defendants") by and through their undersigned counsel, hereby submit this, their *Defendants' Response to Plaintiff's Motion for Attorney's Fees*.

## I. INTRODUCTION

Defendants filed a *Motion for Settlement Approval* requesting that this Court approve the Parties' settlement providing that the Plaintiff will receive $20,823.00 in alleged unpaid overtime wages, $20,823.00 in liquidated damages, $400.00 in costs, and $2,954.00 in attorneys' fees for a total amount of $45,000.00. (Doc. 16). Plaintiff then filed a brief response *agreeing* to the terms documented in Defendants' motion, including the amount for attorneys' fees. (Doc. 18).[1] Plaintiff has now filed a *Motion for Attorney's Fees* seeking triple the fees that were agreed to. (Doc. 20).

---

[1] Plaintiff's Response to Defendants' Motion to Approve Settlement, Doc. 18, P. 2: "Plaintiff's counsel likewise requests that the Settlement Agreement And Release be approved as 1) $41,646.00 dollars to the Plaintiff, representing both her unpaid overtime and liquidated damages; and 2) $3,354 dollars to Plaintiff's counsel for attorney's fees and expenses."

## II. ARGUMENT

### A. Approval of the Terms of the Settlement Agreement.

Defendants again request that the Court approve the settlement agreement based on the delineated amounts referenced in Defendants' motion (Doc. 16) and agreed to by Plaintiff in her response. (Doc. 18). As the Court previously acknowledged, Defendants were unable to obtain any documentation from Plaintiff's counsel to support the agreed upon $2,954.00 in attorneys' fees. The Court entered an *Order* deferring ruling on Defendants' motion and directed the Plaintiff to provide said documentation. (Doc. 20). Instead, Plaintiff's counsel filed a *Motion for Attorney's Fees* requesting triple the attorneys' fees he and his client acknowledge was agreed to in the settlement agreement. (Doc. 20 through Doc. 20-4). This increase in fees is yet another attempt by Plaintiff's counsel to obtain more fees than he is entitled to under the law and the agreement.[2]

Plaintiff's counsel has again failed to comply with the clear instructions of this Court to provide documentation supporting the agreed upon attorney's fees of $2,954.00. Plaintiff has now finally provided documentation, although it is clearly in excess of what Plaintiff claimed in the settlement discussion and agreed to in her response motion. (Doc. 18). Defendants therefore request that the Court approve the settlement agreement based on the delineated amounts referenced in Defendants' motion and agreed to by Plaintiff in her response.

### B. Plaintiff's Request for Increased Attorney's Fees is Not Reasonable.

Title 29 U.S.C. § 216(b) provides that a court must allow a prevailing plaintiff in a Fair Labor Standards Act ("FLSA") suit to recover attorneys' fees and costs. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Where the parties have agreed to settle an

---

[2] Plaintiff's counsel previously apologized to the Court and admitted that "the delay in resolving this case is because of Plaintiff counsel's attempt to apply his Forty (40%) Percent contingency agreement, plus expenses, to the settlement amounts after the case had been settled." (Doc. 18).

FLSA dispute, the plaintiff, in order to be considered a prevailing party, must obtain a stipulated or consent judgment from the court "evincing the court's determination that the settlement 'is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

In this case, a judgment has not been entered and Plaintiff is not a prevailing party as a result of the settlement, which the Court has not approved. The Parties made a global agreement that the Defendants would pay Plaintiff $20,823.00 in alleged unpaid overtime wages and $20,823.00 in liquidated damages, with the understanding that the attorney's fees in the case were $2,954.00 and that the costs were $400.00. The only reason that Defendants entered into the agreement was because Plaintiff was going to be provided the bulk of the recovery. Despite the fact that the Plaintiff is not a prevailing party, Plaintiff now seeks $9,990.00 as a fully compensatory fee, and $652.01 in costs to date for a total award of $10,642.01. (Doc. 20).

### i. Hourly Rate Cited by Plaintiff's Counsel is Unreasonable.

Plaintiff's counsel has requested an hourly rate of $450.00 per hour, which are Atlanta rates, not Savannah rates. Plaintiff's argument that Defendants were going to retaliate against Plaintiff and that she was therefore forced to find an Atlanta firm to represent her are ludicrous and insulting. There is absolutely no evidence of this bald assertion by Plaintiff's counsel.

Plaintiff has failed to meet her burden in establishing that a non-local hourly rate should be established. Plaintiff introduced no actual evidence of her alleged "inability to find interested counsel." Plaintiff's counsel's alleged conversation with a local employment attorney regarding whether or not she would have taken the case against the Defendants does not show that Plaintiff attempted to find an attorney locally to handle her case and was unable to do so.

Plaintiff has introduced no evidence regarding what the prevailing market rate in the Savannah legal community is for similar services provided by lawyers of comparable skill. Defendants agree that the Court may take judicial notice of fee requests made and granted in similar cases and Defendants do not disagree that the $300.00 an hour rate, recognized by this Court in *Lynch v. Equity Auto Loan, LLC*: 4:10-CV-00058-WTM-GRS, is reasonable.

### ii. Number of Hours Claimed by Plaintiff's Counsel is Unreasonable.

Plaintiff's counsel indicates that he has reduced his fee petition to remove all work after December 27, 2018. Defendants agree that this is proper. However, the number of hours of work alleged to have been performed by Plaintiff's counsel is unreasonable.

Many of these time entries appear to be excessive, and some appear to be inaccurate. There is a .4 hour time entry on 10/24/18 to review a Notice of Appearance and other listed services, but no Notice of Appearance was filed on the docket.[3]

Additionally, Plaintiff's counsel indicates that it took him over six (6) minutes to read each of the following email communications (billed at .2 hours or twelve (12) minutes):

> "Larry, Thank you for taking the time to discuss the case with me last week. I do hope that we can work this case out pre-suit and I appreciate you getting in touch with your client to see whether or not she has the time records and to clarify that there are no other employees similarly situated with her. Let me know if there is anything I can do to assist in moving this case forward in the interim. Thank you sir."[4]
>
> AND
>
> "Larry, I'll pass the offer onto my clients and try to get back with you by the end of the week. In the meantime, since Ashley believes she knows where the time records are located at the storage facility – please share that information with us and we will send someone out there to look in the identified location. Thanks."[5]

---

[3] Doc. 20-2, Att. A: <u>10/24/2018</u>: **.4 hours**: "Review Notice of Appearance for Brad McClelland. Reviewed follow up emails on editing and filing. Pleading and revise application for admission Pro Hac Vice".
[4] Doc. 20-2, Att. A: <u>6/18/2018</u>: **.2 hours**: "Reviewed email from Opposing Attorney. Status."
[5] Doc. 20-2, Att. A: <u>8/7/2018</u>: **.2 hours**: "Reviewed email from Opposing Attorney."

AND

"Charles: Our settlement demand is for $57,000, plus a reasonable amount for attorney's fees. My client does not have the time records but believes she knows where they are located at the storage facility. Let me know and how much time do you need to respond? We are prepared to move forward with settlement or suit. Thanks."[6]

Additionally, a review of the online docket shows that tasks that Mr. Pankey is requesting payment for may have been performed by his co-counsel Brad McLelland (i.e., 11/05/2018 entries totaling 1 hour for reviewing the Litigants Bill of Rights (and filing – which appears to have been done by Mr. McLelland) and reviewing the Certificate of Interested Parties (and filing – which also appears to have been filed by Mr. McLelland) and reviewing an email regarding service).[7]

Mr. Pankey cites to his 27 years of experience, yet his fee petition shows a minimal amount of actual legal work. Many of the time entries listed by Plaintiff appear to represent clerical work performed by the paralegal.[8] "Work by paralegals is recoverable as part of an attorney's fees award

---

[6] Doc. 20-2, Att. A: 8/7/2018: **.2 hours**: "Draft email to Opposing Attorney; Discuss settlement"

[7] Doc. 20-2, Att. A: 11/05/2018: **.2 hours**: "Reviewed and edit litigants bill of rights. File" and **.2 hours**: "Reviewed and edit disclosure statement for Local Rule 7.1.1 and File" and **.6 hours**: "Reviewed email from Brad about service. Updated opposing attorney and sent email about complaint and get permission to send Notice of Lawsuit and acknowledgment of Service."

[8] Doc. 20-2, Att. A: 5/22/2018: **.4 hours**: "Draft letter to Defendant on unpaid overtime"; 10/14/2018: **1.8 hours**: "Reviewed file and edit complaint; Revise and research defendants and addresses"; 10/19/2018: **.4 hours** "Received email about Tamika Blanchard; Need to be admitted to Southern District; Received local rules; respond and research for local counsel"; 10/22/2018: **.1 hours**: "Received email from Court on filed complaint" and **.3 hours**: "Reviewed email to Brad McLelland and supporting documentation for conflict check" and **.2 hours** "Reviewed email from Tameka Blanchard about Pro Hac procedures"; 10/24/2018: **.2 hours** "Reviewed email from James Burnell on case status. Return phone call. Send email"; 10/25/2018: **1.5 hours**: "Reviewed emails on follow up to admissions and consent of designated local counsel. reviewed Certificate of Good Standing. Review local rule 83.4 and revise file with court"; 10/26/2018: **.3 hours**: "Reviewed email to client that case filed and update" and **.1 hours**: "Reviewed email from Court on Motions being referred to Judge"; 10/30/2018: .2 hours: "Reviewed email from court on General Order and litigants bill of rights" and **.2 hours**: "Reviewed email from Brad McLelland about litigants bill of rights and Certificate of Interest Persons."; 10/31/2018: **.3 hours**: "Discuss with Janee filing and calendars deadlines for local rules. Calendar"; 11/02/2018: **.2 hours**: "Reviewed electronic summons from court. Prepare for Service";

only to the extent that the paralegal performs work traditionally done by the attorney." *B&F Sys., Inc., v. LeBlanc*, No. 7:07-cv-192, 2012 U.S. Dist. LEXIS 90504, at *10 (M.D. Ga. June 29, 2012) (finding "some of the work billed by the paralegals was clerical in nature, including but not limited to, filing documents on CM/ECF, creating binders, telephone calls with the Clerk of Court and the undersigned's chambers, telephone calls with court reporters, and drafting form pleadings").

The most significant issue presented by Plaintiff's billing in this case is the excessiveness of the number of hours spent on a relatively basic FLSA case that came to resolution before the Complaint was even served on the Defendants. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (court's expertise regarding the reasonableness of attorneys' fees).

### III. CONCLUSION

For the foregoing reasons, Defendants request that this Court determine that the Parties' proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute and that the Court enforce the agreement of the Parties as follows: $20,823.00 in alleged unpaid overtime wages; $20,823.00 in liquidated damages; $400.00 in costs; and $2,954.00 in attorney's fees.

Respectfully submitted this 24th day of April, 2019.

        **CHARLES HERMAN LAW**

        /S/Charles Herman
        Charles Herman
        Georgia Bar No. 142852
        Attorney for Defendants
        7 East Congress Street, Suite 611A
        Savannah, Georgia 31401
        (912) 244-3999
        (912) 257-7301 Facsimile
        Charles@CharlesHermanLaw.com

---

11/06/2018: **.1 hours**: "Reviewed email from opposing attorney on address change" and **.1 hours**: "Reviewed Order allowing Pro Hac appearance."

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **ASHLEY F. CUMMINGS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: 4:18-cv-00244-WTM-JEG** |
| ) | |
| **BIGNAULT & CARTER, LLC;** ) | |
| **W. PASCHAL BIGNAULT; and** ) | |
| **LORI A. CARTER,** ) | |
| ) | |
|     **Defendants.** ) | |

### *CERTIFICATE OF SERVICE*

The undersigned certifies that I have on this day served all the parties in this case with this ***Defendants' Response to Plaintiff's Motion for Attorney's Fees*** in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this court.

This 24th day of April, 2019.

                                                   **CHARLES HERMAN LAW**

                                                 /s/ Charles Herman
                                                 Charles Herman
                                                 Georgia Bar No. 142852
                                                 *Attorney for Defendants*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
Charles@CharlesHermanLaw.com