```
                                        U. S. DISTRICT COURT
        IN THE UNITED STATES DISTRICT COURT FOR Southern District of GA
              THE SOUTHERN DISTRICT OF GEORGIA Filed In Office
                       SAVANNAH DIVISION                    M
                                              5 | 20   2019
                                                Deputy Clerk
```

ASHLEY F. CUMMINGS,        )
                           )
     Plaintiff,            )
                           )
v.                         )       CASE NO. CV418-244
                           )
BIGNAULT & CARTER, LLC, W. )
PASCHAL BIGNAULT, and LORI A. )
CARTER,                    )
                           )
     Defendants.           )
_____)

## O R D E R

Before the Court are Defendants' Motion for Settlement Approval (Doc. 16) and Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 20). After careful consideration, Defendants' Motion for Settlement Approval is **GRANTED**. Plaintiff's Motion for Attorneys' Fees and Costs is **DENIED**.

### Background

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. On October 18, 2018, Plaintiff initiated this action seeking compensation for unpaid overtime she worked as an employee for Defendant Bignault & Carter, LLC. (Doc. 1.) On January 8, 2019, the parties agreed to a settlement of Plaintiff's claims and filed a Joint Motion for Settlement Approval. (Doc. 13.) In their motion, the parties requested that this Court approve the settlement of Plaintiff's

claims under the FLSA. (Id.) The proposed settlement terms included that Plaintiff would receive $13,281.05 for her alleged unpaid overtime claim, $13,281.04 in liquidated damages, and $18,437.91 for attorneys' fees and costs. (Id. at 5.) On January 10, 2019, this Court denied the parties' request. (Doc. 15.) In the Court's view, the parties had failed to demonstrate that the settlement was properly negotiated in Plaintiff's best interest and that the award of attorneys' fees was reasonable. (Id.) The Court expressed concern that the requested attorneys' fees appeared disproportionately high in light of the work performed in this case and instructed the parties that the Court could only evaluate the requested attorneys' fees if the parties provided "documentation or some basis to demonstrate how the agreed upon sum" of attorneys' fees was reasonable. (Id. at 3.)

In response to this Court's concerns, Defendants filed a Motion for Settlement Approval on March 14, 2019. (Doc. 16.) This settlement agreement proposed markedly different terms than the parties' initial agreement. (Id.; Doc. 17.) The new settlement terms provided that Plaintiff would receive $20,823.00 in alleged unpaid overtime wages, $20,823.00 in liquidated damages, $400.00 for costs, and $2,954.00 for attorneys' fees. (Doc. 17 at 7.) Defendants asserted that the settlement was properly negotiated in Plaintiff's best interest. (Id. at 6.) Defendants also provided that they were unable to

2

get any documentation from Plaintiff's counsel to support the requested amount of attorneys' fees. (Id.)

In response to that motion, Plaintiff's counsel provided a brief response agreeing to the terms documented in Defendants' motion. (Doc. 18 ("Plaintiff's counsel likewise requests that the Settlement Agreement And Release be approved as 1) $41,646.00 dollars to the Plaintiff, representing both her unpaid overtime and liquidated damages; and 2) $3,354 dollars to Plaintiff's counsel for attorney's fees and expenses.").) Despite this Court's prior order, however, Plaintiff's counsel still did not provide any documentation to support the requested attorneys' fees. Accordingly, the Court deferred ruling on the reasonableness of the settlement agreement and directed Plaintiff's counsel to provide documentation supporting the calculation of the attorneys' fees. (Doc. 19 at 3.)

Instead of complying with this Court's directive and filing documentation to support the award amount requested in Defendants' motion, Plaintiff filed an entirely new motion for attorneys' fees and costs. (Doc. 20.) In this motion, Plaintiff requested $9,990.00 for attorneys' fees and $652.01 for costs, for a total award of $10,642.01. (Id. at 1.) In her motion, Plaintiff provided documentation to support her requested fees. (Doc. 20, Attach. 1.) Plaintiff alleged that this award amount represented 22.2 hours of work at a rate of $450.00 an hour.

3

(Id. at 13.) For their part, Defendants have challenged Plaintiff's new motion, arguing that Plaintiff's attorney is not entitled to such a large recovery. (Doc. 21.)

## ANALYSIS

Under the Fair Labor Standards Act ("FLSA"), this Court must scrutinize any proposed FLSA settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). This Court will approve a compromised claim only if the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id.; see 29 U.S.C. § 216(b). As part of this analysis, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

To date, Plaintiff has requested or agreed to three different amounts of attorneys' fees. Intially, the parties requested that Plaintiff receive $18,437.91 for attorneys' fees and costs. (Doc. 13.) After the Court denied that request, Plaintiff then consented to an award of $3,354.00 for attorneys' fees and costs. (Doc. 17.) Now, Plaintiff has requested an award of $10,642.01 for attorneys' fees and costs. (Doc. 20.) After careful consideration, the Court rejects Plaintiff's most recent

4

request of $10,642.01 for attorneys' fees and costs and finds that Plaintiff's counsel is only entitled to $3,354.00.

Despite an alleged breadth of experience in handling FLSA cases, Plaintiff's counsel has failed to comply with one of the most basic tenants of the FLSA—that attorneys must demonstrate to the Court that any requested attorney's fee is reasonable. See Silva, 307 F. App'x at 351. In this case, Plaintiff initially neglected to provide any documentation to support the requested award of $18,437.91. Then, despite this Court's clear direction to provide documentation supporting the attorney's fee, Plaintiff's counsel again failed to do so. Plaintiff only complied with this Court's directive to file documentation supporting the requested attorney's fee after Plaintiff increased the agreed upon attorney's fee by nearly $7,000.00. The Court notes that it took Plaintiff's counsel over three months to comply with this Court's simple instruction.

Plaintiff's counsel has blatantly disregarded this Court's numerous directives and is playing fast and loose with the guidelines laid out by the FLSA. Accordingly, the Court will not permit Plaintiff's counsel to recover $10,642.01 for attorneys' fees and costs. This action was settled for a total of $45,000.00 nearly two months after it was initiated. Allowing Plaintiff's counsel to recover $10,642.01 from the overall settlement amount for a case that settled two months after it

5

was initiated would significantly decrease Plaintiff's reward. The parties have already demonstrated that Plaintiff is entitled to recover $41,646.00. The Court will not permit Plaintiff's counsel to act in his own self-interest to the disadvantage of his client months after a settlement agreement was reached. As a result, Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 20) is denied.

Instead, this Court will permit Plaintiff to receive $3,354.00 for attorneys' fees and costs. In this Court's view, this is a fair and reasonable amount in light of the relative ease in which this case was settled. This attorney's fee award ensures that Plaintiff receives a fair recovery for her own damages and that her counsel receives fair compensation for his work. Most importantly, both parties expressly agreed to these settlement amounts. (Doc. 17; Doc. 18.)

Despite the discrepancies between Plaintiff's various requests for attorneys' fees, the Court **APPROVES** of the settlement agreement provided by Defendants. (Doc. 16.) Both parties have provided their consent to this agreement and it appears to be a fair and reasonable settlement of the dispute in this case. Accordingly, Defendants' Motion for Settlement Approval (Doc. 16) is **GRANTED**. As a result, Plaintiff shall receive $41,646.00 as recovery under the FLSA. Plaintiff's attorney will receive $3,354.00 under the settlement agreement.

6

Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 20) is **DENIED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED this 20th day of May 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA